UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x

THEODORE BOHN,

                Plaintiff                           DOCKET NO.:

    -vs-                                     COMPLAINT

ALEXANDER SZIKLA and JANE DOE,          JURY DEMAND
               Defendants.          Plaintiff demands a trial by jury

-----------------------------------------------------------------x

Plaintiff, as and for his Complaint, says:

1.  Plaintiff is a resident of Bloomfield, NJ, attorney, and civil rights activist.

2.  Upon information and belief, Defendants are residents of New York

3.  Plaintiff has been an advocate for the Human Rights of Palestinians for approximately two decades.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331 (federal question).

5.  Upon information and belief, Defendants are residents of the State of New York, and therefore, the Court also has diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

6.  The Court has supplemental jurisdiction over the State law claims.

7.  Venue is proper inasmuch as the events complained of occurred in Newark, NJ, within the territorial limits of this Court.

## STATEMENT OF FACTS

8.  On or about February 9, 2024, Plaintiff was en route to a demonstration in Newark to exert pressure on Senator Cory Booker to call for a ceasefire in Gaza.

9.   Plaintiff boarded a NJ Transit light rail car at Branch Brook Park, inbound.

10. Plaintiff was wearing two keffiyehs (Palestinian scarves) and had a placard.

11.  At or about the Norfolk Street station, Defendants boarded the car.

12. Defendant Szikla utilized a handicapped drop-down seat and sat directly opposite to, and facing Plaintiff.

13. Defendant Jane Doe sat in a seat adjacent to that occupied by Szikla, facing forward.

14.  Plaintiff was 67 years of age at the time of the incident herein complained of, and suffers from multiple health conditions and disabilities including a previous heart attack, quadruple bypass surgery, and severe arthritis.

15. Plaintiff was not wearing a mask as was his normal practice; when the individual seated in front of Plaintiff sneezed violently and did not cover his mouth, Plaintiff moved to the rear of the car.

16. Because he was seated perpendicular to the rows of seats, Szikla could see Plaintiff at all times.

17. When the train pulled into Penn Station, Newark, Defendants got up and instead of exiting at the front of the car, deliberately walked to the rear where Plaintiff remained seated.

18. Defendant Szikla began shouting at Plaintiff.

19. Because of zionist aggression which occurs regularly, Plaintiff had a camera phone as well as a cellphone and turned on the camera as soon as Szikla began shouting at Plaintiff.

20. Plaintiff dialed 911 with his cellphone while continuing to record with the camera.

21. Plaintiff avoids confrontation at all times and has no interest in engaging with zionists or individuals with opposing viewpoints.

22.  Plaintiff's purpose is simply to exercise First Amendment rights to place peaceful political pressure on elected officials in support of Palestinians.

23.  In an effort to avoid confrontation, Plaintiff remained seated until Defendants had exited the car.

24.  Defendants stood at the exit (outside) of the car facing Plaintiff and waiting for Plaintiff to exit.

25. Attempting to avoid confrontation with Defendants, Plaintiff walked inside the car to the front exit in an attempt to leave the Station without further incident.

26. Defendants then ran along the outside of the car and intercepted Plaintiff as Plaintiff exited the car at the front.

27. Defendants blocked Plaintiff from leaving the platform.

28. Defendant Szikla then began shouting "You hate Jews, You hate Jews" repeatedly.

29. Szikla's behavior was threatening and intimidating, and Plaintiff feared that Szikla was about to become violent.

30. Szikla continued shouting while Plaintiff remained on the phone with 911.

31. When the operator asked Plaintiff who was harassing him, Plaintiff responded "zionists."

32. Szikla, who was monitoring Plaintiff's phone conversation with 911 reacted to this statement, meant for the 911 dispatch operator.

33. Szikla and Jane Doe continued this conduct for approximately four minutes, shouting at Plaintiff and preventing him from leaving the platform and the station.

34. Defendants, fearing the arrival of the police, then exited the station.

35. Szikla was later identified by NJ Transit Police and issued a summons.

36. The video of the incident is annexed as Ex. 1 to the Complaint and made a part hereof.

## COUNT I:  Violation of 42 U.S.C. Section 1985(3)

37. Paragraphs 1 – 36 are repeated and realleged as though fully set forth and incorporated by reference herein.

38. Defendants conspired to harass and intimidate Plaintiff in the exercise of First Amendment rights (expression and assembly) and to interfere with the exercise thereof, as well

as to deprive Plaintiff of freedom of movement/travel.

39. Defendants did so based on Plaintiff's attire, which expressed solidarity with the Palestinian people.

40. Defendants, by their conduct, did deprive Plaintiff of rights protected by the 1st, 4th, and 5th Amendments to the Constitution of the United States.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has been caused to suffer injury in the deprivation of those rights as well as emotional distress and pecuniary injury.

42. Accordingly, Plaintiff is entitled to an award of compensatory and punitive damages in an amount to be demonstrated at trial.

## COUNT II:  FALSE IMPRISONMENT

43. Paragraphs 1 – 42 are hereby repeated and realleged as though fully set forth and incorporated by reference herein.

44. Defendants prevented Plaintiff from moving freely and obstructed his ability to leave the platform (Track 5) at Newark Penn Station, subjecting Plaintiff to shouting, profanity and menacing behavior, intended to intimidate Plaintiff for his solidarity with Palestinians.

45. Defendants blocked Plaintiff's ability to move freely and falsely imprisoned Plaintiff against his will, and causing Plaintiff emotional distress.

46. As a direct and proximate result of Defendants' conduct, and each of them, Plaintiff is entitled to an award of compensatory and punitive damages in an amount to be demonstrated at trial.

## COUNT III: VIOLATOIN OF N.J.S.A. 2A:156-3 (EAVESDROPPING)

47. Paragraphs 1 – 46 are hereby repeated and realleged as though fully set forth and incorporated by reference herein.

48. Throughout the incident described herein, Defendant Szikla monitored Plaintiff's conversation with 911 in violation of N.J.S.A. 2A:156-3, which makes it unlawful to eavesdrop or intercept the conversation of another.

49. As a direct and proximate result of Szikla's conduct, plaintiff has suffered injury in the violation of a privacy right in his communications.

50.  Plaintiff is entitled to an award of compensatory and punitive damages in an amount to be demonstrated at trial.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, together with an award of compensatory and punitive damages, costs, attorney's fees, and such other and further relief as to the Court may appear just and proper.

Dated:  February 8, 2025

/s Theodore Bohn
Theodore Bohn, MSW
Attorney at Law
90 Montgomery Street
Bloomfield, NJ 07003
631-512-2412
Ted1091@gmail.com

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.